13-3612
Graves
FILED IN DISTRICT COURT
OKLAHOMA COUNTY
JUN 26 2013
TIM RHODES
COURT CLERK
36 ___

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| DEBORAH ANN WOG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CJ-2013-3612 |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW, the Plaintiff, Deborah Ann Wog, and for her causes of action against the Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), alleges and states:

### FACTS

1. That on or about June 30, 2012, Plaintiff was operating a bicycle when an automobile driven by James D. Burnside and Gertrude Burnside collided with her.

2. Plaintiff suffered injuries as a result of the aforementioned collision and filed suit against James Burnside and Gertrude Burnside pleading negligence and negligent entrustment.

3. The parties settled the lawsuit for the sum of $100,000.

4. Plaintiff had previously contracted with Defendant, State Farm, to purchase an Uninsured/Underinsured Motorist (hereinafter "UM/UIM") policy.

5. On or about January 24, 2013, State Farm offered $25,000 to resolve the UM/UIM claim with Plaintiff.

6. On or about June 5, 2013, Plaintiff agreed to resolve her UM/UIM claim with State Farm for the sum of $25,000.

7. Plaintiff reiterated this desire by telephone on June 12, 2013.

8. Defendant refused to tender the agreed upon payment claiming payment was being withheld in order to satisfy existing liens.

9. All existing liens have been extinguished.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

10. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extent the same are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

11. An insurance contract between Plaintiff and State Farm providing $50,000.00 of UM/UIM coverage was in full force and effect at the time of the wreck on June 30, 2012.

12. State Farm breached the insurance contract in one or more of the following ways:

    a. Failure to swiftly and promptly pay the UM/UIM claim for the value or within the rage of value assigned to the claim; and

    b. Failure to timely and properly pay undisputed amounts.

13. As a direct result of State Farm's breach of the insurance contract, Plaintiff has suffered actual damages, lost wages, financial hardship, mental pain and anguish, and physical pain and suffering in an amount of $25,000.00.

14. Under the contractual terms of the insurance contract, State Farm is liable for all of Plaintiff's damages exceeding the underlying liability limits of James D. Burnside and Gertrude Burnside, not to exceed the UM/UIM policy limits.

### SECOND CAUSE OF ACTION: BAD FAITH

15. Plaintiff adopts and re-pleads the aforementioned paragraphs to the extent the same

are not inconsistent with the claims set forth below, and for his additional claims the Plaintiff further alleges and states as follows:

16. State Farm has a duty to deal fairly and act in good faith with the Plaintiff.

17. State Farm is required under the insurance contract to timely and properly evaluate Plaintiff's UM/UIM claim; to conduct an investigation reasonably appropriate under the circumstances; to swiftly and promptly pay for the value or within the range of value assigned to the claim; to timely and properly pay undisputed amounts; and abstain from the use of "lowball" negotiation tactics while occupying a superior negotiating position.

18. Despite and considering the above and foregoing, State Farm failed to deal fairly and act in good faith with the Plaintiff in accordance with the terms and conditions of the insurance contract by refusing to tender UM/UIM payment of $25,000, after requesting checks multiple times.

19. The violation by State Farm of its duty of good faith and fair dealing is the direct cause of the injuries and damages sustained by Plaintiff.

20. That as a direct cause of State Farm's bad faith conduct, Plaintiff has suffered financial losses, embarrassment and loss of reputation, physical pain and suffering, and mental pain and suffering.

21. That State Farm's conduct was wrongful, intentional, willful, malicious and in reckless disregard to the rights of Plaintiff. Furthermore, State Farm's intentional, willful, malicious and/or reckless conduct was sufficiently egregious so as to warrant imposition of punitive damages.

22. That State Farm has enjoyed the increased financial benefit and has been unjustly enriched as a direct result of the wrongful, intentional, willful, malicious and/or reckless conduct described above.

**PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff prays for Judgment in her favor and against State Farm for:

a) Actual and punitive damages each in an amount that fully compensates Plaintiff and discourages this Defendant from similar acts;

b) Prejudgment interest, costs and a reasonable attorneys' fee;

c) Disgorgement of the increased financial benefits derived by State Farm as a direct result of any of the conduct causing injury and damages to Plaintiff; and

d) An amount less than the statutory limits for diversity jurisdiction, inclusive of all costs and fees;

e) Such other and further relief as this Court may deem equitable, just and proper.

Respectfully submitted,
FOSHEE & YAFFE

_____
M. Blake Yaffe OBA #9940
D. Eliot Yaffe OBA #19723
S. Alex Yaffe, OBA #21063
P.O. Box 890420
Oklahoma City, OK  73189
Telephone: (405) 632-6668
Facsimile: (405) 632-3036
ay@fylaw.com
*ATTORNEYS FOR THE PLAINTIFF*

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

I, TIM RHODES, Court Clerk for Oklahoma County, Okla., certify that the foregoing is a true correct and complete copy of the instrument as appears of record in the District Court Clerk's Office in Oklahoma County, Okla. this _____ 11 ____
_____ 20 13
TIM RHODES Court Clerk
By_____ Deputy